B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Anchor Blue Holding Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**27-0591314** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1260 Corona Pointe Ct, Corona, CA**<br>ZIP CODE **92879** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Riverside** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box )

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [x] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

--------------------------------------

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Anchor Blue Holding Corp. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:    See attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:    See attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)       (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Anchor Blue Holding Corp. |
|---|---|

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br>Michael R. Nestor (No. 3526)<br>Printed Name of Attorney for Debtor(s)<br>Young Conaway Stargatt & Taylor, LLP<br>Firm Name<br>1000 West Street, 17th Floor, P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Address<br>302-571-6600<br>Telephone Number<br>01/11/2011<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>Thomas A. Shaw<br>Printed Name of Authorized Individual<br>Chief Executive Officer<br>Title of Authorized Individual<br>01/11/2011<br>Date | _____<br>Address<br><br>X _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# SCHEDULE 1

## AFFILIATED DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

Anchor Blue Holding Corp.
Anchor Blue, Inc.

## PRIOR RELATED FILINGS

On May 27, 2009, the predecessors of the Debtors each filed a Chapter 11 Petition in the United States Bankruptcy Court for the District of Delaware, which are administratively consolidated under Case No. 09-11770 (PJW).

Anchor Blue Retail Group, Inc. [Case No. 09-11770 (PJW)]
Hub Distributing, Inc. [Case No. 09-11774 (PJW)]
Hub Designs, Inc. [Case No. 09-11773 (PJW)]
Ontario Purchasing Corp. (f/k/a Anchor Blue Purchasing Corp.) [Case No. 09-11771 (PJW)]
MOST Purchasing Corp. [Case No. 09-11775 (PJW)]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Anchor Blue Holding Corp., et al.,[1] | Case No. 11-_____ (_____) |
| Debtors. | Joint Administration Requested |

## LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

      The above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532. This list of creditors holding the 30 largest unsecured claims (the "Top 30 List") has been prepared from the Debtors' books and records as of January 6, 2011. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anchor Blue Holding Corp. (1314) and Anchor Blue, Inc. (9916). The mailing address for both of the Debtors is 1260 Corona Pointe Ct Corona, CA 92879.

| Rank | Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 1 | Production and Marketing Services Limited | Unit D 27/F Kings Tower 111 King Lam Street Cheung Sha Wan Hong Kong, China 852-9338-2077 lennie@thesoffice.com shirley@thesoffice.com | Trade Debt | | $1,444,129.21 |
| 2 | Shanghai Shenda America LLC | 463 Seventh Ave. Suite 700 New York, NY 10018 212-695-2329 leon@shendaamerica.com | Trade Debt | | $1,159,628.82 |
| 3 | CFL Commercial Offshore DE | Macau Limitada Rm A-7, 6/F, Chong Fok Commercial Centre 1287-1309 Avenida De Amizade Macau 949-734-4424 Anka_So@cflhk.com Dennis_Mok@cflhk.com | Trade Debt | | $1,005,312.35 |
| 4 | Shanghai Textile United Co Ltd | 420 Yuyao Road Shanghai, China 021-62274695 JKRA@FRCNY.NET lmorton@FRCNY.NET | Trade Debt | | $998,067.91 |
| 5 | Shanghai Hansen Global Supply Co. Ltd | Room 401 No 5 LN 738 Lu Ban Rd. Shanghai, China 200023 86 21-63017751 JKRA@FRCNY.NET lmorton@FRCNY.NET | Trade Debt | | $811,685.20 |
| 6 | Retail Process Engineering LLC DBA RPE | 10150 Highland Manor Drive Suite 330 Tampa, FL 33610 1-800-792-8353 jwalworth@rpesolutions.com | Trade Debt | | $760,360.62 |

[2] As noted above, the Debtors reserve their rights to dispute the claims on this schedule on any basis.

| Rank | Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 7 | Phoenix Textile Inc. | 14600 S. Broadway St. Gardena, CA 90248 310-715-7070 x 170 joet@twindragonmarketing.com | Trade Debt | | $678,650.79 |
| 8 | Hudson Valley New York Ltd | 463 Seventh Ave Suite 700 New York, NY 10018 212-695-2329 michael@hudsonvalleyltd.com | Trade Debt | | $365,893.77 |
| 9 | United Parcel Service | PO Box 894820 Los Angeles, CA 90189-4820 1-800-222-8333 jbrown10@ups.com | Trade Debt | | $301,221.22 |
| 10 | East 8th Group LLC | 315 East 8th St 202 Los Angeles, CA 90014 213-623-3370 sindy@e8thgroup.com carlo@e8thgroup.com | Trade Debt | | $282,390.00 |
| 11 | Swagger Like Us Inc. | 2850 Ocean Park Blvd Suite 300 Santa Monica, CA 90405 Attn: Suzanne Showers 310-229-5005 Rick.martin@swaglikeus.com | Trade Debt | | $266,780.30 |
| 12 | UPS Supply Chain Solutions | 12380 Morris Road Suite 400 Alpharetta, GA 30005 jbrown10@ups.com | Trade Debt | | $256,962.37 |
| 13 | Performance Screen Print | 28381 Vincent Moraga Dr. Temecula, CA 92590 760-845-5228 michele@performancescreenprint.com jesse.will@gmail.com | Trade Debt | | $254,994.73 |

YCST01:10554287.1

070040.1001

| Rank | Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 14 | Shaoxing Four Seasons Garments | 12 NO Liangwang Shan Road Lianghu Industry Zone Shangyu City Zhejiang Province China 86-575-82436818 x 819 JKRA@FRCNY.NET lmorton@FRCNY.NET | Trade Debt | | $217,902.48 |
| 15 | Inter Pacific Corporation | 2257 Colby Ave Los Angeles, CA 90064 310-473-7591 jprovenzano@ipcla.com jbrager@ipcla.com | Trade Debt | | $179,844.90 |
| 16 | Innerworkings Inc. | 600 West Chicago Ave Suite 850 Chicago, IL 60610 312-642-3700 squinn@inwk.com | Trade Debt | | $151,977.51 |
| 17 | Hybrid Promotions LLC | 10711 Walker Street Cypress, CA 90630 714-952-3866 lvalencia@hybridapparel.com bshapiro@hybridapparel.com | Trade Debt | | $145,049.25 |
| 18 | Monarch Apparel Group | 315 E 8th Street Suite 202 Los Angeles, CA 90014 213-623-3370 b.manns@monarchapparelgroup.com cghailian@hotmail.com | Trade Debt | | $139,951.00 |
| 19 | Do Gree Fashions USA | 3205 Bedford Road Montreal, Quebec H3A1G3 Canada 514-381-8808 rtock@dogree.com | Trade Debt | | $136,350.06 |
| 20 | Romane Inc. | 851 Church Ct. Elmhurst, IL 60126 1-800-443-3000 Betty_Mora@romaneinc.com Mark_Saviski@romaneinc.com | Trade Debt | | $134,053.51 |

3

| Rank | Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 21 | Alloy Marketing and Promotions | 151 West 26th Street 11th Floor New York, NY 10001 212-244-4307 | Trade Debt | | $124,913.50 |
| 22 | Schwarz Paper Company | 8338 Austin Avenue Morton Grove, IL 60053 1-800-323-4903 John.Kulesza@schwarz.com Katie.Easley@schwarz.com | Trade Debt | | $116,585.84 |
| 23 | Super Trader Inc. | 1111 S Hill St. 3rd Floor Los Angeles, CA 90015 213-749-3775 | Trade Debt | | $115,101.79 |
| 24 | Agilysys Inc. | 6065 Parkland Blvd Cleveland, OH 44124 866-498-6700 bonita.bealer@agilisys.com | Trade Debt | | $113,826.86 |
| 25 | Skillnet Solutions Inc. | 1151 Sonora Court Suite 2 Sunnyvale, CA 94086 408-522-3600 jack@skillnetinc.com | Trade Debt | | $109,000.00 |
| 26 | Olaes Enterprises Inc. | 13860 Stowe Dr Poway, CA 92064 858-679-4450 kathy@ODMart.com | Trade Debt | | $101,005.89 |
| 27 | AJB Software Design Inc. | 185 The West Mall Suite 1100 Toronto, Ontario  M9C5l5 Canada 416-621-0296 Gerry@ajbsoftware.com David@ajbsoftware.com | Trade Debt | | $96,880.00 |
| 28 | Northern Cap & Glove (a Division of Totes Isotoner) | 9655 International Blvd Cincinnati, OH 45246 612-729-3000  x 235 ted.shroyer@totes.com | Trade Debt | | $94,099.61 |

YCST01:10554287.1

070040.1001

| Rank | Name of Creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 29 | LP Innovations Inc. | 66 B Street<br>Needham, MA 02169<br>508-634-5600<br>SMay@lpinnovations.com | Trade Debt | | $92,811.78 |
| 30 | Starmount Systems Inc. | 10801-2 N. Mopac Express<br>Suite 450<br>Austin, TX 78759<br>512-870-9570<br>jpanteck@starmountsystems.com | Trade Debt | | $90,837.50 |

YCST01:10554287.1

070040.1001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

Anchor Blue Holding Corp., et al.,[1]

                        Debtors.

Chapter 11

Case No. 11-_____ (_____)

Joint Administration Requested

## DECLARATION CONCERNING THE DEBTORS' LIST OF
## CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

        I, Thomas A. Shaw, as an authorized officer of the above-captioned debtors and debtors in possession in these chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing List of Creditors Holding the 30 Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

        The Information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal or factual investigation with regard to the accuracy of the information or possible defenses to the claims has been pursued. Therefore, this listing does not stand and should not be deemed to constitute: (1) an acknowledgement of the accuracy of the identity of any such creditor or the amount of such claim of any particular claim holder; (2) an acknowledgement of the allowability of any listed claim; or (3) a waiver of any right or legal position of the Debtors.

Dated: January 11, 2011

                                  Thomas A. Shaw, Chief Executive Officer
                                  Anchor Blue Holding Corp
                                  Anchor Blue, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anchor Blue Holding Corp. (1314) and Anchor Blue, Inc. (9916). The mailing address for both of the Debtors is 1260 Corona Pointe Ct Corona, CA 92879.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Anchor Blue Holding Corp., et al.,[1] | Case No. 11-_____ (_____) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF EQUITY INTEREST HOLDER(S)

| Debtor | Name and Address of Owners | Description of Equity Interests Owned |
|---|---|---|
| Anchor Blue Holding Corp. | Sun Anchor Blue LP c/o Sun Capital Partners, Inc. 5200 Town Center Circle, Suite 600 Boca Raton, FL 33486 Attn:  M. Steven Liff      C. Deryl Couch      Anthony G. Polazzi | 742,500 shares of Voting Common Stock |
| | H.I.G. Sun Partners, Inc. c/o Sun Capital Partners, Inc. 5200 Town Center Circle, Suite 600 Boca Raton, FL 33486 Attn:  M. Steven Liff      C. Deryl Couch      Anthony G. Polazzi | 7,500 shares of Non-Voting Common Stock |
| Anchor Blue, Inc. | Anchor Blue Holding Corp. 2501 E. Guasti Road Ontario, CA 91761 | 100% of Ownership Interest |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anchor Blue Holding Corp. (1314) and Anchor Blue, Inc. (9916).  The mailing address for both of the Debtors is 1260 Corona Pointe Ct Corona, CA 92879.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Anchor Blue Holding Corp., et al.,[1] | Case No. 11-_____ (____) |
| Debtors. | Joint Administration Requested |

## DECLARATION CONCERNING CONSOLIDATED
## LIST OF EQUITY INTEREST HOLDERS

     I, Thomas A. Shaw, as an authorized officer of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Equity Holders for the Debtors submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated:  January 11, 2011

                                    Thomas A. Shaw, Chief Executive Officer
                                    Anchor Blue Holding Corp
                                    Anchor Blue, Inc.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anchor Blue Holding Corp. (1314) and Anchor Blue, Inc. (9916).  The mailing address for both of the Debtors is 1260 Corona Pointe Ct Corona, CA 92879.

# OFFICER'S CERTIFICATE

## January 10, 2011

The undersigned, the Interim Chief Executive Officer, Senior Vice President, Chief Financial Officer and Treasurer Anchor Blue Holding Corp. ("Anchor Parent"), a corporation organized under the laws of the state of Delaware, and Anchor Blue, Inc., a corporation organized under the laws of Florida ("Anchor Blue"), hereby certifies that as of the date hereof:

1.     Attached hereto as Exhibit A is a true, correct and complete copy of the Resolutions (the "Anchor Parent Resolutions") of Anchor Parent's Board of Directors (the "Anchor Parent Board"), duly adopted by the members of the Anchor Parent Board at a meeting held on January 6, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by the Anchor Parent Board with respect to the matters referred to therein, and the Anchor Parent Resolutions are not contrary to any provisions of Anchor Parent's Articles of Incorporation or Bylaws.

2.     Attached hereto as Exhibit B is a true, correct and complete copy of the Resolutions (the "Anchor Blue Resolutions") of Anchor Blue's Board of Directors (the "Anchor Blue Board"), duly adopted by the members of the Anchor Blue Board at a meeting held on January 6, 2011, and such Resolutions remain in full force and effect and have not been amended, supplemented, restated, replaced, revoked, repealed or otherwise modified and are the only effective resolutions adopted by the Anchor Blue Board with respect to the matters referred to therein, and the Anchor Blue Resolutions are not contrary to any provisions of Anchor Blue's Articles of Incorporation or Bylaws.

*[Remainder of page intentionally left blank – signature page follows.]*

IN WITNESS WHEREOF, the undersigned has executed this Officer's Certificate as of the date set forth above.

**ANCHOR BLUE HOLDING CORP.**
**ANCHOR BLUE, INC.**

By: _____

Name: Thomas A. Shaw
Title: Interim Chief Executive Officer,
Senior Vice President, Chief
Financial Officer and Treasurer

# EXHIBIT A

RESOLUTIONS

ADOPTED

BY THE

BOARD OF DIRECTORS

OF

ANCHOR BLUE HOLDING CORP.

At the Meeting of the Board of Directors

on January 6, 2011

## Recitals

WHEREAS, it has been proposed that Anchor Blue Holding Corp. (the "Corporation") seek to commence an orderly liquidation of its assets, including, without limitation, by commencing and holding one or more going-out-of-business sales and by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

## Inventory Liquidation Agreement

NOW, THEREFORE, BE IT HEREBY RESOLVED, that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, stockholders and other interested parties, that the Corporation enter into an agreement (the "Inventory Liquidation Agreement") with a joint venture created by Hilco and Gordon Brothers (the "Liquidator") to liquidate the remaining inventory of the Corporation and its subsidiary (the "Inventory"), pursuant to one or more going-out-of-business sales or as may be otherwise determined in the business judgment of the Corporation's Designated Officers, together with the Liquidator, on such terms as the Designated Officers may deem necessary or proper, and to commence the liquidation of the Inventory pursuant to such Inventory Liquidation Agreement, including without limitation the payment to Liquidator of any appropriate retainers or other contemplated amounts pursuant thereto; and

## Bankruptcy Petition

RESOLVED FURTHER, that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, stockholders and other interested parties that a petition (the "Petition") be filed pursuant to the Bankruptcy Code on behalf of the Corporation; and

RESOLVED FURTHER, that the filing of a voluntary petition on behalf of the Corporation be, and the same hereby is, approved and adopted in all respects and that the CEO and CFO of the Corporation (the "Designated Officers") of the Corporation be, and hereby are, authorized and empowered, on behalf of the Corporation, to execute and verify or certify a Petition and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware at such time as the Designated Officers may determine; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized to execute and file all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Designated Officers may deem necessary or proper in connection with such chapter 11 case; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, New York 10178 to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Morgan, Lewis & Bockius, LLP; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Young, Conaway, Stargatt & Taylor, LLP; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to retain FTI Consulting, Inc. ("FTI"), as financial advisors, to render financial advisory services to, and to represent, the Company in connection with such proceedings and all other related matters in connection therewith, to engage in discussions with potential purchasers for all or a portion of the Debtors' assets, including, with respect to the Liquidator, the Inventory, to establish a diligence data room, if necessary and appropriate, and, following implementation of a sale of any portion of the Corporation's assets, to continue to represent the Corporation's interest in the remainder of the chapter 11 case; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of FTI;

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Corporation's chapter 11 case on such terms as are deemed necessary, proper or desirable; and

RESOLVED FURTHER, that the Corporation as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Designated Officers of the Corporation deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Designated Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and grant security interests in and liens in and upon all or substantially all of the Corporation's assets as may be deemed necessary by anyone or more of the Designated Officers in connection with such borrowings or the use of such cash collateral; and

RESOLVED FURTHER, that each of the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to enter into any agreements and to take such steps and execute such other documents as may be necessary to effectuate the prompt and orderly sale or liquidation of the Corporation's assets; and

RESOLVED FURTHER, that each of the Designated Officers and any employees or agents (including counsel) designated by or directed by such Designated Officers be, and hereby is, authorized and empowered to cause the Corporation to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Officer, shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's chapter 11 case, to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation, to effectuate a liquidation or sale of the Corporation's assets, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company and its subsidiary, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

RESOLVED FURTHER, that any and all actions of any officer or director of the Corporation taken prior to the date hereof to carry out the purposes of the foregoing resolutions be, and they hereby are, ratified, approved, and confirmed in all respects; and

RESOLVED FURTHER, that the taking of any action or the execution of any instrument by a Designated Officer, or such other officers as they shall from time to time designate for such purpose, in connection with the foregoing resolutions shall be conclusive of such officer's determination that the same is necessary to serve the best interests of the Corporation.

**General Resolution**

RESOLVED, that the Designated Officers, and such other officers as they shall from time to time designate, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Corporation, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed.

*****

# EXHIBIT B

RESOLUTIONS

ADOPTED

BY THE

BOARD OF DIRECTORS

OF

ANCHOR BLUE, INC.


At the Meeting of the Board of Directors

on January 6, 2011

## Recitals

WHEREAS, it has been proposed that Anchor Blue, Inc. (the "Corporation") seek to commence an orderly liquidation of its assets, including, without limitation, by commencing and holding one or more going-out-of-business sales and by seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

## Inventory Liquidation Agreement

NOW, THEREFORE, BE IT HEREBY RESOLVED, that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, stockholders and other interested parties, that the Corporation enter into an agreement (the "Inventory Liquidation Agreement") with a joint venture created by Hilco and Gordon Brothers (the "Liquidator") to liquidate the remaining inventory of the Corporation (the "Inventory"), pursuant to one or more going-out-of-business sales or as may be otherwise determined in the business judgment of the Corporation's Designated Officers, together with the Liquidator, on such terms as the Designated Officers may deem necessary or proper, and to commence the liquidation of the Inventory pursuant to such Inventory Liquidation Agreement, including without limitation the payment to Liquidator of any appropriate retainers or other contemplated amounts pursuant thereto; and

## Bankruptcy Petition

RESOLVED FURTHER, that, based on factors and information deemed relevant by the Board, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, stockholders and other interested parties that a petition (the "Petition") be filed pursuant to the Bankruptcy Code on behalf of the Corporation; and

RESOLVED FURTHER, that the filing of a voluntary petition on behalf of the Corporation be, and the same hereby is, approved and adopted in all respects and that the CEO and CFO of the Corporation (the "Designated Officers") of the Corporation be, and hereby are, authorized and empowered, on behalf of the Corporation, to execute and verify or certify a Petition and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware at such time as the Designated Officers may determine; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized to execute and file all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Designated Officers may deem necessary or proper in connection with such chapter 11 case; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to employ the law firm of Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, New York 10178 to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Morgan, Lewis & Bockius, LLP; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to employ the law firm of Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including without limitation, filing any pleadings; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Young, Conaway, Stargatt & Taylor, LLP; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and directed to retain FTI Consulting, Inc. ("FTI"), as financial advisors, to render financial advisory services to, and to represent, the Company in connection with such proceedings and all other related matters in connection therewith, to engage in discussions with potential purchasers for all or a portion of the Debtors' assets, including, with respect to the Liquidator, the Inventory, to establish a diligence data room, if necessary and appropriate, and, following implementation of a sale of any portion of the Corporation's assets, to continue to represent the Corporation's interest in the remainder of the chapter 11 case; and in connection therewith, the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of FTI;

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals to assist in the Corporation's chapter 11 case on such terms as are deemed necessary, proper or desirable; and

RESOLVED FURTHER, that the Corporation as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and hereby is, authorized to borrow funds from a lender or lenders as any Designated Officers of the Corporation deems appropriate, and/or to obtain the use of cash collateral in such amounts, from such lender or lenders and on such terms as may be approved by anyone or more of the Designated Officers as reasonably necessary for the continuing conduct of the affairs of the Corporation and grant security interests in and liens in and upon all or substantially all of the Corporation's assets as may be deemed necessary by anyone or more of the Designated Officers in connection with such borrowings or the use of such cash collateral; and

RESOLVED FURTHER, that each of the Designated Officers, and such other officers as they shall from time to time designate, be, and hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to enter into any agreements and to take such steps and execute such other documents as may be necessary to effectuate the prompt and orderly sale or liquidation of the Corporation's assets; and

RESOLVED FURTHER, that each of the Designated Officers and any employees or agents (including counsel) designated by or directed by such Designated Officers be, and hereby is, authorized and empowered to cause the Corporation to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Designated Officer, shall be necessary, proper, and desirable to prosecute to a successful completion the Corporation's chapter 11 case, to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation, to effectuate a liquidation or sale of the Corporation's assets, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

RESOLVED FURTHER, that the Designated Officers, and such other officers as they shall from time to time designate, are hereby authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

RESOLVED FURTHER, that any and all actions of any officer or director of the Corporation taken prior to the date hereof to carry out the purposes of the foregoing resolutions be, and they hereby are, ratified, approved, and confirmed in all respects; and

RESOLVED FURTHER, that the taking of any action or the execution of any instrument by a Designated Officer, or such other officers as they shall from time to time designate for such purpose, in connection with the foregoing resolutions shall be conclusive of such officer's determination that the same is necessary to serve the best interests of the Corporation.

## General Resolution

RESOLVED, that the Designated Officers, and such other officers as they shall from time to time designate, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Corporation, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed.

*****